## First National Bank in Greensburg, Admr., Appellant, *v.* Hershberger, Admrx.

Argued, October 26, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

538

*Fred B. Trescher,* of *Kunkle, Trescher & Snyder,* for appellant.

*Carroll Caruthers,* with him *Frank A. Rugh,* for appellee.

PER CURIAM, December 8, 1942:

This was an action in assumpsit against a decedent's estate on a judgment note for $1,700. The verdict was in favor of the plaintiff. The court granted a new trial, giving as its reason that the note in suit had been improperly admitted in evidence, because the signature of the decedent had not been sufficiently proved by competent, admissible evidence. Plaintiff appealed. A certificate of the court below was filed setting forth that the new trial would have been refused but for that reason, and that in its opinion, that question controls the whole case.

The case was tried in the court below together with the case of Arra Hershberger, Administratrix c.t.a., d.b.n. of David M. Hershberger, deceased, against the same defendant, Mary Katherine V. Hershberger, Administratrix of Samuel W. Hershberger, deceased, on a like note for $3,000. Proof of the decedent's signature to both notes was made by the same witnesses and the same exhibits. The verdict in that case was likewise for the plaintiff; but the court entered judgment for the defendant non obstante veredicto on the ground that an alleged unexplained alteration upon the face of the note rendered it inadmissible in evidence. The plaintiff in that case appealed to the Supreme Court.

The Supreme Court, in an opinion by Mr. Justice STERN, (345 Pa. 439, 29 A. 2d 95), reversed and entered judgment for the plaintiff on the verdict;

and in order to do s'o necessarily passed upon the question whether the signature of the decedent had been sufficiently proved, as well as upon the competency of the witnesses who testified in support of its authenticity, and decided. that the witnesses were competent and. that the signature had been sufficiently proved. The discussion in Mr. Justice STERN's opinion relating to this "further question" raised in the case—see the statement of the second question involved, as it appears in appellee's brief in that case—effectually disposes of the questions involved in the present appeal and requires the reversal of the order granting a new trial and the entry of judgment for the plaintiff (appellant) on the verdict.

The order granting a new trial is reversed and judgment is directed to be entered for the plaintiff, on payment of the jury fee.